UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 21-9334-MWF (RAO) | **Date:** March 15, 2023 |
| **Title:** | Erin Hughes v. General Insurance Company of America | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [32]; ENTRY OF JUDGMENT

Before the Court is Defendant General Insurance Company of America's ("GICA") Motion for Summary Judgment (the "Motion"), filed on January 13, 2023. (Docket No. 32). Plaintiff Erin Hughes filed an Opposition on January 30, 2023. (Docket No. 35). Defendant filed a Reply on February 6, 2023. (Docket No. 36).

The Court has read and considered the papers filed in connection with the Motion and held a hearing on **March 13**, **2023**.

Defendant's Motion for Summary Judgment is **GRANTED**. The uncontroverted facts demonstrate that Plaintiff made material misrepresentations on her insurance application with respect both to the use of her property for business purposes and her prior losses. Defendant is therefore entitled to summary judgment on its counterclaim for rescission of the insurance policy, which negates Plaintiff's claims.

## I. BACKGROUND

The evidence submitted with the Motion establishes the following undisputed facts:

On December 4, 2020, GICA received, through Hughes' insurance agent at YS Insurance, an application for homeowners insurance from Hughes for her property

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-9334-MWF (RAO)  **Date:** March 15, 2023

**Title:** Erin Hughes v. General Insurance Company of America

located at 2145 Rambla Pacifico in Malibu, California (the "Property"). (Defendant Statement of Uncontroverted Fact ("SUF") (Docket No. 32-7) ¶ 6). GICA received the application through its online rating platform, which generates the policy quote and application once the insurance agent completes the application questionnaire with the insured. (SUF ¶¶ 6–7). GICA's eligibility guidelines on its online rating platform automatically deny applications where applicants disclose any rental business on the premises or more than one prior loss in the last five years. (*Id.* ¶¶ 4–5).

In her application, Hughes described the Property as a "single family dwelling" with only one family. (*Id.* ¶ 6). Under "Loss Information," Hughes represented that she had no losses in the last five years. (*Id.*). Hughes also represented that there was "no" "business on the premises." (*Id.*). Hughes provided this information in a phone interview conducted by an agent at YS Insurance as part of the application process. (*Id.* ¶ 7). She did not correct any of those representations when she reviewed and electronically signed the application. (*Id.*). Based on Hughes' completed application, the agent bound coverage for the Property under Homeowners Policy No. OA4813047, effective December 4, 2020, through December 4, 2021 (the "Homeowners Policy"). (*Id.* ¶ 9).

On April 14, 2021, Hughes contacted GICA to submit a claim under the Homeowners Policy (the "GICA Fire Claim") for damage to the Property caused by a January 17, 2021, fire (the "Fire"). (*Id.* ¶¶ 21–22). According to Hughes, the Fire began around 4:00 a.m. and resulted from an unspecified accident. (*Id.* ¶ 25). It started on the Property's second floor exterior deck, spread due to high winds, and destroyed the entire Property except for one wall that remained standing. (*Id.*). GICA sent written acknowledgment of the claim. (*Id.* ¶¶ 23–24). Hughes submitted a separate claim for losses arising from the Fire to the California FAIR Plan, which accepted coverage and paid $1.155 million in benefits to repair the Property and landscaping, and $90,000 for "fair rental value." (*Id.* ¶ 45).

At the outset of the claim investigation, claims personnel discovered evidence that the Property had been operated as a short-term rental. (*Id.* ¶¶ 41–43). Various online rental platforms listed the Property for rent. (*Id.*). The claim investigation also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-9334-MWF (RAO)            **Date:** March 15, 2023

**Title:**     Erin Hughes v. General Insurance Company of America

revealed that, at the time of the Fire, Hughes had rented the Property to a family for a memorial service through TripAdvisor. (*Id.* ¶ 21). Hughes also produced documents reflecting reservation statements and confirmations for short-term tenants from three different websites: (1) Booking.com; (2) Tripadvisor.com; and (3) VRBO. (*Id.* ¶ 41). Those statements and other subsequently discovered documents demonstrate that the Property generated in excess of $100,000 in rental income in 2020 alone. (*Id.*).

The claims investigation also uncovered three prior claims by Hughes, which were omitted in her application. (*Id.* ¶ 44). Hughes made separate fire and theft claims to her prior homeowners insurer, Lexington Insurance, arising out of the Woolsey wildfire in November 2018. (*Id.*). In February 2019, Hughes also made a claim to Lexington for wind damage to the Property. She later sued Lexington on the prior fire and theft claims. (*Id.*)

GICA asserts that Hughes called a customer service representative on January 6, 2021, to flat cancel the Homeowners Policy because she was upset about the premium balance. (SUF ¶ 33–35). Hughes disputes this assertion and states that she called to cancel a different policy, not the GICA fire peril policy. (Plaintiff's Separate Statement of Uncontroverted Fact (Docket No. 35-1) ¶¶ 33–35).

By way of letter and email correspondence to Hughes and her counsel dated April 26, 2021, GICA denied Hughes' fire loss claim, explaining:

> On 4/14/2021, you reported a claim to General Insurance Company of America for a fire loss on 1/17/2021 located at 2145 Ra[m]bla Pacifico, Malibu CA 90265. . . . When you reported the claim, you identified Policy Number OA4813047. After our investigation, we have determined that this is not a valid or active policy. Our records indicate that you cancelled this policy and made no premium payments. As a result, there is no coverage for the 1/17/2021 fire claim you reported on 4/14/2021 under Policy No. OA4813047.

(SUF ¶ 38).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-9334-MWF (RAO)                              Date:  March 15, 2023
Title:      Erin Hughes v. General Insurance Company of America

On July 12, 2021, Hughes filed her Complaint against GICA alleging claims for breach of contract, bad faith, and declaratory relief.  On December 8, 2021, GICA filed its Answer and Counterclaim to Hughes' Complaint.  In the Counterclaim, GICA seeks judicial rescission of the Homeowners Policy based on Hughes' material misrepresentations and omissions in her application.  GICA also seeks a declaration that Hughes' flat cancellations of the Homeowners Policy rendered it without any legal effect.

## II.     LEGAL STANDARD

In deciding a motion for summary judgment under Rule 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The Ninth Circuit has defined the shifting burden of proof governing motions for summary judgment where the non-moving party bears the burden of proof at trial:

> The moving party initially bears the burden of proving the absence of a genuine issue of material fact.  Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case.  Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial.  This burden is not a light one.  The non-moving party must show more than the mere existence of a scintilla of evidence.  The non-moving party must do more than show there is some "metaphysical doubt" as to the material facts at issue.  In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 21-9334-MWF (RAO)                                              **Date:**  March 15, 2023
**Title:**     Erin Hughes v. General Insurance Company of America

*Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1259 n.2 (9th Cir. 2016) (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)).

"A motion for summary judgment may not be defeated, however, by evidence that is 'merely colorable' or 'is not significantly probative.'" *Anderson*, 477 U.S. at 249-50.

"When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

### III.   EVIDENTIARY OBJECTIONS

The parties advance various objections to the evidence submitted in connection with the Motion. (*See* Docket Nos. 35-1, 36-2). Many of the objections are garden variety evidentiary objections based on mischaracterization of evidence, speculation, lack of foundation, hearsay, and relevance.

While these objections may be cognizable at trial, on a motion for summary judgment, the Court is concerned only with the ***admissibility*** of the relevant ***facts*** at trial, and not the ***form*** of these facts as presented in the Motion. *See Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021) ("[A]t the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents" (citations omitted)). Where "the contents of a document can be presented in a form that would be admissible at trial — for example, through live testimony by the author of the document — the mere fact that the document itself might be excludable hearsay provides no basis for refusing to consider it on summary judgment." *Id.* (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003) (holding that plaintiff's diary could be considered on summary judgment because she could testify consistent with its contents at trial); *Hughes v. United States,* 953 F.2d 531, 543 (9th Cir. 1992) (IRS litigation adviser's affidavit may be considered on summary judgment despite hearsay and best evidence rule objections;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-9334-MWF (RAO)            Date:  March 15, 2023
Title:  Erin Hughes v. General Insurance Company of America

facts underlying affidavit were of type admissible as evidence even though affidavit itself may not be).

Accordingly, the objections are **OVERRULED**.

## IV. DISCUSSION

GICA moves for summary judgment on its counterclaim for rescission of the Homeowners Policy on the basis that Hughes misrepresented, withheld, and omitted material information from GICA when she applied for the policy.  (Motion at 3).

Under California law, "a material misrepresentation or concealment in an insurance application, whether intentional or unintentional, entitles the insurer to rescind the insurance policy *ab initio.*"  *West Coast Life Ins. Co. v. Ward*, 132 Cal. App. 4th 181, 186–187, 33 Cal. Rptr. 3d 319 (2005) (citing *O'Riordan v. Fed. Kemper Life Assurance*, 36 Cal. 4th 281, 286–287, 30 Cal. Rptr. 3d 507 (2005)); *see* Cal. Ins. Code § 331 ("Concealment, whether intentional or unintentional, entitles the injured party to rescind insurance."); Cal. Ins. Code § 359 (materially false representation may result in rescission of insurance policy).  Thus, "an insurer may, under Insurance Code sections 331 and 359, rescind a fire insurance policy based on an insured's negligent or unintentional misrepresentation of a material fact in an insurance application, notwithstanding the willful misrepresentation clause included in the required standard form insurance policy (Ins. Code §§ 2070 and 2071)."  *Mitchell v. United Nat'l Ins. Co.*, 127 Cal. App. 4th 457, 463, 25 Cal. Rptr. 3d 627 (2005); *see Star Ins. Co. v. Sunwest Metals, Inc.*, Case No. SACV 13-1390-DOC (DFMx), 2014 WL 7383614 at *9 (C.D. Cal. Dec. 29, 2014) (*Mitchell's* holding provides the correct legal standard in action claiming misrepresentation in fire insurance application).

The question of materiality is "determined solely by the probable and reasonable effect which truthful answers would have had on the insurer."  *Thompson v. Occidental Life Ins. Co.*, 9 Cal. 3d 904, 916, 109 Cal. Rptr. 473 (1973); *see also* Cal. Ins. Code § 334.  Generally, information is material if it could reasonably affect the insurer's decision to enter into the contract, estimating the degree or character of the risk, or in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 21-9334-MWF (RAO) | **Date:** March 15, 2023 |
| **Title:** Erin Hughes v. General Insurance Company of America | |

fixing the premium rate; it need not relate to the loss ultimately claimed by the insured. *See Mitchell*, 127 Cal. App. 4th at 474. "The fact that the insurer has demanded answers to specific questions in an application for insurance is in itself usually sufficient to establish materiality [of that information] as a matter of law." *West Coast Life Ins. Co.*, 132 Cal. App. 4th at 187 (quoting *Old Line Life. Ins. Co. v. Superior Court*, 229 Cal. App. 3d 1600, 1603–1604, 281 Cal. Rptr. 15 (1991)). Finally, materiality is a subjective inquiry; that is, the critical question is the effect truthful answers would have had on the particular insurer, "not on some 'average reasonable' insurer." *Mitchell*, 127 Cal. App. 4th at 474; *see Western World Ins. Co. v. Prof'l Collection Consultants*, 721 F. App'x 621, 622 (9th Cir. 2018).

GICA contends that (1) it would have terminated Hughes' application had she disclosed the Property's use as a short-term rental; and (2) it would not have bound coverage under the Homeowners Policy if Hughes had disclosed more than one loss in the last five years. (Motion at 24).

### A. Use as Short-Term Rental

GICA argues that the uncontroverted facts show that Hughes operated the Property as a short-term rental. (Motion at 24 (citing SUF ¶¶ 41–43)).

Hughes argues that she answered truthfully when she represented that the Property was a single family dwelling with her family living there, and that there was no business at the Property. (Opposition at 4). She argues that rental platform listings cited by GICA were not done by Hughes and occurred before she purchased the insurance in December 2020. (*Id.* at 7). Counsel for Hughes likewise argued at the hearing that Hughes' position gave rise to disputed facts.

However, Hughes' prior sworn testimony demonstrates as a matter of law that she operated the home, at least in part, as a short-term rental. In a sworn Examination Under Oath taken in a separate claim related to the fire, Hughes acknowledged that she was responsible for listing and advertising the Property for rental. (Compendium of Exhibits, Exhibits 46 through 80 (Docket No. 32-10), Ex. 51, 59:5–18, 66:19–68:24).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 21-9334-MWF (RAO)                    **Date:**  March 15, 2023
**Title:**     Erin Hughes v. General Insurance Company of America

Hughes testified that she rented out the Property via Booking.com, TripAdvisor, HomeAway, and VRBO and that she was in touch with the platforms regarding her creation of the listings.  (*See id.*).  Hughes admitted to submitting descriptions and photos of the Property to be placed on the short-term rental platforms.  (*Id.*).  While Hughes now states in her declaration that she has never run a business at the Property, she cannot create an issue of fact by a declaration contradicting her prior testimony.  *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (quoting *Van Asdale v. Int'l Game Tech.,* 577 F.3d 989, 998 (9th Cir.2009)) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.").

       In support of its argument, GICA also raises screen shots procured in its investigation of the claim and provided by Hughes which display reservation statements and confirmations for short-term tenants at the Property on Booking.com, TripAdvisor, and VRBO that collectively generated in excess of $100,000 and included no less than thirty-one distinct rentals in 2020 alone.  (Compendium of Exhibits, Ex. 36 at 480–91, 513; Ex. 44 at 642–44).

       Hughes argues that it was her sister, not her, who rented out the Property throughout 2020 without permission.  (Declaration of Erin Hughes ("Hughes Decl.") (Docket No 32-2) ¶ 14).  Hughes states that she initiated an eviction proceeding against her sister when she learned of her conduct.  This argument, however, does not overcome the requirement to disclose the short-term rental use of the Property in the part of the application which asked if there was "a business on the premises."  (Compendium of Exhibits, Exhibits 1 through 45 (Docket No. 32-9), Ex. 1).  This is especially true considering that Hughes concedes in her declaration that she personally, and not her sister, rented the Property to the short-term tenant who was renting the Property at the time of the fire.  (Hughes Decl. ¶ 14).

       Hughes argues that the Homeowners Policy permits the rental of the Property on an occasional basis for exclusive use as a residence and activities which are incident to non-business pursuits.  (Opposition at 7).  However, the existence of this provision does not change the uncontroverted fact that GICA would have rejected Hughes'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 21-9334-MWF (RAO) | **Date:** March 15, 2023 |
| **Title:** | Erin Hughes v. General Insurance Company of America | |

application if she had disclosed that she was operating her Property as a short-term rental, in whole or in part.  Additionally, the Court determines that no reasonable jury could conclude that the property was not used in a business pursuit given the undisputed frequency with which it had been rented immediately prior to Hughes' application for the Homeowners Policy.  *See Terrell v. State Farm Gen. Ins. Co.*, 40 Cal. App. 5th 497, 504–06, 253 Cal. Rptr. 3d 226 (2019) (business pursuit includes "a regular activity engaged in for the purpose of earning a profit" and may include "part-time or supplemental incomes" activities).

These uncontroverted facts establish that Hughes misrepresented in her insurance application that the Property was not used as a business.

Hughes does not contest that the misrepresentation is material to the risk that GICA agreed to insure.  Nor could she, as it is uncontroversial that the presence of frequent, unfamiliar tenants increases the potential exposure at the Property and likelihood of a claim.  (SUF ¶¶ 5, 8).  Hughes also does not dispute that the use of the Property as a short-term rental would have made the risk ineligible under GICA's underwriting guidelines.  (*Id.*).

Accordingly, Hughes' failure to disclose the use of the Property as a short-term rental constitutes a material misrepresentation that supports GICA's claim for rescission.  *See Mitchell*, 127 Cal. App. 4th at 474.

B. **Prior Loss**

GICA also argues that the uncontroverted facts show that Hughes had at least three claims and losses submitted to her prior insurer, Lexington Insurance, in 2018 and 2019, despite her representation that she had no losses.  (*See* Motion at 24 (citing SUF ¶ 44)).

Hughes does not dispute the existence of the losses but states that her understanding at the time she was filling out the insurance application over the phone with the YS agent was that the agent wanted to know whether she had any prior losses

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 21-9334-MWF (RAO) | **Date:** March 15, 2023 |
| **Title:** Erin Hughes v. General Insurance Company of America | |

with Safeco only. (Opposition at 4). Hughes contends that that the YS agent stated that the agency would verify whether Hughes had any prior insurance claims at the Property. (*Id.*). Additionally, Hughes argues that her lawsuit with Lexington is publicly available and was equally available to GICA. (*Id.*).

Hughes does not deny that the application asks about prior losses without a qualification limiting answers to only losses with Safeco. Hughes, however, does suggest that a language barrier led to her misunderstanding of the question, but Plaintiff does not offer any information to support that she did not understand the broad question about prior losses. GICA points out that Hughes understands, reads, and writes in English, as evidenced by her prior Examination Under Oath and current declaration. (Reply at 15). GICA contends that the applicable question unambiguously asked her to identify the number of losses in the last five years. (*Id.*).

Moreover, Hughes does not provide any authority that her misunderstanding should negate her misrepresentation. Instead, misunderstanding does not appear to be a defense against rescission. *See West Coast Life Ins. Co. v. Ward,* 132 Cal.App.4th 181, 33 Cal.Rptr.3d 319, 323 (2005) ("a material misrepresentation or concealment in an insurance application, whether intentional or unintentional, entitles the insurer to rescind the insurance policy"); *cf. Hafiz v. Metro. Life Ins. Co.*, 390 F. App'x 671, 672 (9th Cir. 2010) (affirming summary judgment for insurer where plaintiffs provided no authority that misunderstandings based on cultural differences should negate their misrepresentations).

Hughes' additional defense of her omission on the grounds that her lawsuit with Lexington was public does not help her. Insurers do not have a duty to search for an insured's prior claims and may rely on an applicant's answers without verifying their accuracy. *See Mitchell*, 127 Cal. App. 4th at 476 (underwriter has no obligation to verify the accuracy of the representations made by applicant).

GICA contends that Hughes' loss history was highly material to GICA's decision to issue coverage. (Motion at 25). GICA explains that an accurate loss history is essential to underwriting a particular risk because GICA needs the information to assess the nature of potential claims that may rise, the circumstances

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 21-9334-MWF (RAO) | **Date:** March 15, 2023 |
| **Title:** Erin Hughes v. General Insurance Company of America | |

that could give rise to claims, and what GICA may face with respect to future losses. (*Id.*). California courts have recognized that an applicant's loss history can be a fact material to insurance risk. *See Imperial Cas. & Indem. Co. v. Sogomonian,* 198 Cal. App. 3d 169, 181, 243 Cal. Rptr. 639 (1988) (insureds' failure to disclose that (1) another insurer had refused to renew their previous homeowner's policy; and (2) that insureds suffered damages in landslide with resulting litigation with downhill neighbor were material nondisclosures which entitled insurer to rescind policy). Hughes does not dispute that her prior loss history was a material fact to insurance risk. Hughes also does not contest that the disclosure of her three prior losses would have caused GICA's online rating platform to automatically reject and deny her application. (SUF ¶ 4).

Hughes provided false and material information regarding the use of the Property and her prior loss history on the insurance application. Accordingly, based on the undisputed facts, GICA is entitled to a declaratory judgment finding that GICA is entitled to rescind the insurance policy issued to Erin Hughes based upon Hughes' material misrepresentations. *See Mitchell*, 127 Cal. App. 4th at 463. The Motion is therefore **GRANTED** with respect GICA's counterclaim for rescission.

Once rescinded, the Homeowners Policy is deemed void *ab initio* "as though it never existed." *LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co*., 156 Cal.App.4th 1259, 1267, 67 Cal. Rptr. 3d 917 (2007). The Motion is therefore also **GRANTED** with respect to Hughes' breach of contract, bad faith, and declaratory relief claims. The relief based on the alleged flat cancellation cannot be resolved on summary judgment because that is simply an issue of the weight of the evidence. However, the rescission renders that relief moot.

All claims thus being resolved, the Court now **GRANTS** summary judgment in favor of GICA on all claims.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 21-9334-MWF (RAO)            **Date:** March 15, 2023

Title:     Erin Hughes v. General Insurance Company of America

      This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.